IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STACY RAMON PRUITT, | } | |
| | } | |
| Petitioner, | } | |
| | } | |
| v. | } | CV-08-WMA-RRA-1046-M |
| | } | |
| WARDEN BILLY MITCHEM, et al., | } | |
| | } | |
| Respondents. | } | |
| | } | |

**MEMORANDUM OPINION**

This opinion is in response to the magistrate judge's report and recommendation filed August 11, 2009. Petitioner Stacy Ramon Pruitt ("Pruitt") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (2006). The magistrate judge recommends that the respondents' motion for summary judgment be granted and the action dismissed, because it is barred by the statute of limitations set out in 28 U.S.C. § 2244(d)(1) (2006). On August 26, 2009, Pruitt filed objections to the report and recommendation, arguing that respondents had waived the statute of limitations defense, and that the one year limitations period should not have begun to run until the denial of his last Rule 32 petition in state court, thus making his petition under 28 U.S.C. § 2254 timely. For the reasons set forth below, this court ADOPTS and APPROVES the findings and recommendation of the magistrate judge as the findings and conclusions of this court. Accordingly, Pruitt's petition for a writ of habeas corpus will be DISMISSED by a separate order.

The Federal Magistrates Act provides that within ten days after being served with a magistrate judge's report and recommendation, a party may file written objections to the proposed findings and recommendations. 28 U.S.C. § 636 (2006). A United States District Judge shall make a *de novo* determination of those portions of the report and recommendation that are *specifically* objected to. *Id.* The objections must "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989). "Objections not meeting the specificity requirement ... will not be considered by a District Judge." *Id.*

Pruitt makes two specific objections to the magistrate judge's report and recommendation: (1) respondents waived the statute of limitations defense by not raising it in Pruitt's earlier state court proceedings or by otherwise failing to act with diligence, and (2)  the statute of limitations did not begin to run until Pruitt's last state court habeas petition was denied, therefore making his petition under 28 U.S.C. § 2254 is timely. This court finds neither objection persuasive.

Respondents did not waive the statute of limitations defense. Pruitt is correct in his assertion that the statute of limitations found in 28 U.S.C. § 2244(d)(1) is an affirmative defense rather than a jurisdictional bar. *See Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006). However, respondents' failure to raise the

statute of limitations defense in the earlier state court proceeding has no effect on their ability to raise the defense in a subsequent federal proceeding. The limitations period set out in 28 U.S.C. § 2254(d)(1) is a federal statute that only applies to Pruitt's federal habeas corpus petition. Respondents were not required or even allowed to plead the federal limitations period found in § 2244(d)(1) in Pruitt's previous state court proceedings; therefore respondents' failure to do so does not constitute waiver. Also, respondents acted diligently in asserting the limitations defense. Respondents pled the affirmative limitations defense in their first responsive pleading, an answer that was subsequently converted into a motion for summary judgment. (Doc. 9). Therefore respondents did not waive the statute of limitations defense.

The statute of limitations period under § 2244(d)(1) was not renewed by Pruitt's Rule 32 petition filed September 13, 2006, and therefore Pruitt's petition for a writ of habeas corpus under 28 U.S.C. 2254 is time barred. As discussed in the magistrate judge's report and recommendation, the limitations period for Pruitt's § 2254 petition expired on September 5, 1997.[1] Pruitt's filing of a

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) creates the one year statute of limitations for habeas corpus actions filed under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244 (2006). The AEDPA became effective April 24, 1996, and any prisoner whose conviction became final before that date had one year from the statute's effective date to file a habeas petition under § 2254. *See Wilcox v. Fla. Dept. of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998). Pruitt's conviction became final prior to the enactment of the AEDPA, therefore he had until April 24, 1997, to file a habeas petition in federal court. The limitations period was tolled on April 14, 1997, when Pruitt filed his first

second Rule 32 petition on September 13, 2006, more than nine years after the one-year limitations period expired, did not start the running of the limitations period anew. *See Broom v. Garvin*, No. 99 Civ. 1083, 1999 WL 246753, at *1 (S.D.N.Y. April 26, 1999) ("[T]he filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period."); *Cowart v. Goord*, 97 Civ. 3864, 1998 WL 65985, at *2 (S.D.N.Y. Feb. 18, 1998) (Sotomayor, D.J.) ("[T]he filing of a proper state collateral petition does serve to toll (but not start anew) the AEDPA statute of limitations.") Pruitt cannot revive a claim barred by a federal statute of limitations by filing another state court habeas petition, and therefore his petition under 28 U.S.C. § 2254 is time barred.

Accordingly, the court hereby **ADOPTS** and **APPROVES** the findings and recommendation of the magistrate judge as the findings and conclusions of the court. This habeas petition is due to be **DISMISSED**. An appropriate order will be entered.

DONE this 9th day of September, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

Rule 32 petition. By that time, 355 days of the limitations period had expired. The period began to run again on August 26, 1997, when the trial court dismissed his Rule 32 petition, and expired ten days later on September 5, 1997. *See* Doc. 17 at 3.